```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-61068-CIV-JORDAN
                         MAGISTRATE P. A. WHITE

GEORGE C. LIVINGSTON,         :

      Plaintiff,              :

v.                            :        REPORT OF
                                    MAGISTRATE JUDGE
JUDGE KENNETH GILLESPIE
et al.,                       :

      Defendants.             :
_____
```

The pro-se plaintiff, George Livingston, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff alleges that defendant, state court Judge Kenneth Gillespie, and Assistant Public Defender Dione Traywick deprived him of his constitutional rights. He seeks to withdraw his plea and "correct his sentence". The plaintiff is proceeding  in forma pauperis. [DE# 4].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.   Analysis

A.   Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or

>     any portion thereof, that may have been paid,
>     the court shall dismiss the case at any time
>     if the court determines that –
>
>              *    *    *
>
>     (B) the action or appeal –
>
>              *    *    *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state

a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions.  See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

no misconduct occurred.[1]

B. <u>Factual Allegations</u>

The plaintiff's allegations are unclear. He states as follows, "Judge states in open court 05/26/10 re correspondence enclosed f/05/20/10: 'I dont't understand it". He also alleges without providing supporting facts, that his public defender was incompetent.

C. <u>Analysis of Sufficiency of Complaint</u>

At the outset, the Court notes that the plaintiff is not seeking monetary damages. Should he attempt to amend his complaint, both Judge Gillespie and the public defender are immune from a suit for damages.  Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). <u>Forrester v. White</u>, 484 U.S. 219 (1988); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Pierson v. Ray</u>, 386 U.S. 547 (1967); <u>Wahl v. McIver</u>, 773 F.2d 1169 (11 Cir. 1985). Public Defenders do not act under color of state law, <u>Polk v Dodson</u>, <u>supra</u>, and therefore are also granted immunity.

Secondly, Livingston, apparently a pre-trial detainee is essentially dissatisfied with the proceedings in his criminal case, and thus these claims, in essence, challenge aspects of his

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

criminal proceedings, and are therefore not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are premature and not cognizable under §1983.

The type of relief the plaintiff is seeking; release and withdrawal of a plea and correction of a sentence are all to be sought only through a petition for writ of habeas corpus, after the conviction is final and all state remedies have been exhausted.

### III.  Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 29th  day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE




cc:  George C. Livingston, Pro Se
     North Broward Bureau
     Ft Lauderdale, FL
     Address of Record